THE STATE ex rel. CARL WEICHART v. COUNTY COURT OF CARROLL COUNTY et al.

**In Banc, July 3, 1911.**

1. **DRAINAGE DISTRICT: Jurisdiction: Motion to Vacate Judgment.** After a final judgment of the county court organizing a drainage district—establishing the district, passing upon all objections and remonstrances of the opposers to the scheme, and providing for the letting of the contracts for the performance of the work and the issuance of bonds to pay the expenses —no motion to vacate that judgment can be entertained, and if such a motion is filed it should be stricken from the files, and the jurisdiction of the county court is not affected thereby.

2. ————: ————: ————: **Change in Judges: Transfer to Circuit Court.** And if after such final judgment is rendered, there is a change in the membership of the county court and two of the new judges are of kin to parties in interest in the organization, such motion to vacate and annul the judgment previously rendered is filed, and the cause is certified to the circuit court and by that court the motion is overruled and the cause is certified back to the county court, the county court has jurisdiction to proceed with the matter, and had not at any time lost jurisdiction, for there is no provision in the statute for such a motion.

## Mandamus.

PEREMPTORY WRIT ISSUED.

*Jones & Conkling* for relator.

PER CURIAM.—This is an application for a writ of mandamus to require the county court to proceed in the matter of Drainage District No. 3 of Carroll county. Proceedings to establish a drainage district were begun in the county court of Carroll county in May, 1905, and after long litigation final judgment was rendered in December, 1910, establishing the district, calling it Drainage District No. 3 of Carroll County, and passing judgment on all objections and remonstrances of

the opposers of the drainage scheme, providing for the letting of the contracts to do the work, and for the issuing of bonds to pay the expenses. The final judgment covered the whole subject up to that date. With the expiration of the year 1910, the terms of two of the judges of the court expired, and two others were elected and qualified in their places. After the two new judges came in, to-wit, on January 16, 1911, the parties who had theretofore contested the organization of the district, and had fully litigated the matter on every point, filed a motion in the county court to vacate the judgment and annul the whole proceedings, for elaborate reasons assigned, which were in the main a reiteration of the objections and remonstrances they had advanced during the course of their previous litigation and which had been decided against them. The object of the motion was to obtain from the county court, under the auspices of the new judges, a reopening of the whole litigation and a reversal of its final judgment. Two of the judges being then of kin to the parties in interest, the cause was by order of the court transferred to the circuit court to pass judgment on that motion. Accordingly the circuit court assumed jurisdiction of the matter, overruled the motion, and certified the cause back to the county court. Then the county court concluded that it had lost its jurisdiction when it sent the case to the circuit court and that the jurisdiction remained there, and so they declined to move in the matter, whereupon the relators came to this court for a writ of mandamus.

The county court in this proceeding exercises a special jurisdiction conferred by statute, and its procedure is prescribed by statute. There is no provision in the statute for a motion of the kind filed by the remonstrators on January 16, 1911. The motion should not have been filed; having been improperly filed, the only action that could lawfully have been taken in reference to it would have been to strike it from the files.

The order transferring the cause to the circuit court to pass on that motion was without lawful authority and conferred no jurisdiction on the circuit court. The proceedings in the circuit court were *coram non judice.* The jurisdiction of the county court in the matter has never been lost or suspended. The cause is now in the county court to be proceeded with as if the motion of January 16, 1911, had never been filed.

Let the peremptory writ of mandamus issue to the county court commanding it to proceed with the cause.